ANDERSON ET AL. *v.* HUGGINS, ET AL.

[No. 17,949.   Filed January 10, 1950.   Rehearing denied February 3, 1950.   Transfer denied March 15, 1950.]

Draper, C. J., not participating.

*Anderson, Hicks & Anderson; F. L. Anderson, Sr.,* and *F. L. Anderson, Jr.,* of Gary, for appellants.

*Ryan & Chester; Charles T. Clifford,* all of Valparaiso, and *Cope Hankey,* of Rensselaer, for appellees.

CRUMPACKER, J.—On February 19, 1947, the appellee Marguerite A. Alexander, administratrix of the estate of Roy M. Young, deceased, recovered a judgment in the sum of $4,500 in the Porter Circuit Court against one Hilbert Kritch for the wrongful death of her decedent. Said judgment was fully paid and discharged on the day it was rendered and upon the same day the appellants Anderson and Anderson filed notice of an attorney's lien on said judgment in the sum of $1,500. On May 5, 1947, the appellee Macon H. Huggins also filed notice of an attorney's lien thereon in the sum of $750. On November 6, 1947, the Porter Circuit Court, by orderbook entry, directed its clerk to pay to the

appellee administratrix the sum of $3,000 out of the cash received by him in discharge of said judgment and to hold $1,500 thereof until further order. The appellee Huggins thereupon instituted the present litigation the primary purpose of which is to foreclose his alleged lien. By cross-complaint the appellants also sought to foreclose their lien and thereby recover the entire sum of $1,500 remaining in the hands of the clerk.

The court found the facts specially from which it appears that Roy M. Young, a resident of Cook County, Illinois, died as a result of a collision with an automobile driven by said Hilbert Kritch, a resident of Porter County, Indiana, on July 8, 1946. The appellee Marguerite A. Alexander was appointed administratrix of said decedent's estate by the Probate Court of Cook County, Illinois, and on July 19, 1946, she entered into a written contract with the appellee Huggins, a practicing attorney of Chicago, Illinois, whereby said attorney agreed to prosecute her claim against Kritch for the wrongful death of her decedent for twenty-five per cent of any amount recovered without litigation or thirty-three and one-third per cent thereof in the event suit was necessary to enforce payment. The appellee Huggins thereupon entered into a contract with the appellants, practicing attorneys of Gary, Indiana, through the medium of an exchange of letters, whereby the appellants agreed to assist Huggins in the prosecution of such claim and any fees due Huggins under his contract with the administratrix were to be divided equally between the appellants and said Huggins. Under this arrangement the appellants began negotiations looking toward the settlement of said claim which ultimately culminated in an action filed in the Porter Circuit Court by the appellants in

which they appeared as the sole attorneys of record for the plaintiff administratrix. The action terminated in the judgment above mentioned and on these facts the court concluded (1) "that the plaintiff and the defendants F. Laurence Anderson and F. Laurence Anderson, Jr., should share equally in the said sum of $1,500 now held by the clerk of the Porter Circuit Court, that is, the plaintiff should recover as and for a fee for his services the sum of $750 and said defendants should recover as and for a fee for their services the sum of $750;" and (2) "that the clerk of the Porter Circuit Court should be directed to pay the plaintiff the sum of $750 from the amount so held by him and "that he should pay to the defendants the sum of $750 from the amount so held by him." Over the appellants' motion for a new trial judgment went accordingly and this appeal followed.

The appellants attack the judgment so far as it is in their favor on the theory that the amount of recovery is too small. This is true, they say, because the evidence does not support the court's special findings of fact to the effect that they contracted to perform the services for which they sue for one-half of the attorneys' fees due under Huggins' agreement with the administratrix. They support this contention with many propositions predicated upon the statement that "there is sufficient competent evidence from which the court should have found" otherwise than it did. An examination of the record discloses that the so-called "sufficient competent evidence" which, they say, the court ought to have accepted, is their own testimony in direct repudiation of a letter they wrote to the appellee Huggins and which we quote as compelling justification of the court's finding.

"Messrs. Huggins & Huggins          July 24, 1946
Attorneys-at-law
Suite 503, 35 S. Dearborn Street
Chicago 3, Illinois

In re: Alexander, Administratrix v. Kritch

Dear Sirs:

· We thank you for your letter of the 23rd inst., in the above captioned matter. It is noted from the paragraph near the end of your letter that you are of the opinion that we are charging 50% of such amount as recovered by suit or compromise. In this connection would say we would not charge you that amount unless it was a case where we would be required to handle the whole matter without your assistance. As it is, you would be with us all the way through and we would like to have it that way. In view of this fact, I would suggest that our fees would not be more than 50% of what your fees are. It is noted from your letter, that you have an agreement of 25% if settled out of court, and ⅓ if settled in court, so we think we are safe in saying that 50% of the fee agreed upon by you, plus the retainer fee, would satisfy us, as we realize that you must also make something out of the case. . . .

"(Signed) F. Laurence Anderson
F. Laurence Anderson, Sr."

The special findings of fact being amply sustained by the evidence it is apparent that the court's conclusion of law to the effect that the appellants are entitled to recover $750 on their cross-complaint is not erroneous in that the damages assessed are too small.

The balance of the appellants' brief is devoted to an attack on that part of the judgment based on the appellee Huggins' complaint. The appellants, having recovered all they are entitled to in any event, it is obvious that it is no concern of

theirs what disposition the court made of the remaining $750 in the hands of the clerk. If Huggins is not entitled to said money it belongs to the administratrix and not the appellants, and error, if any, in the Huggins judgment is harmless as far as the appellants are concerned. The administratrix, although a party to this appeal, makes no complaint and therefore any further discussion of the matter is unnecessary.

Judgment affirmed.

Draper, C. J., not participating.

NOTE.—Reported in 89 N. E. 2d 453.